UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Laura Susan Reynolds,

    Debtor.

Case No. 00-32707-GFK
Chapter 7

---

Laura Susan Reynolds,

    Plaintiff.

v.

Pennsylvania Higher Education Assistance Agency, United States Department of Education, Claremont McKenna College, Sallie Mae Servicing Corp., Risk Management Alternatives, Inc., The University of Michigan, Great Lakes Higher Education Corp., HEMAR Insurance Corp. of America, OSI Collection Services, Inc., NCO Financial Systems Inc., Windham Professionals, Van Ru Credit Corp., Student Loan Servicing Center, National Enterprise Systems, Educational Credit Management Corporation, EduServ Technologies, Inc., and The Education Resource Institute

    Defendants.

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF PARTICULAR DEBTS PURSUANT TO 11 U.S.C. § 523(a)(8)**

Adv. Proc. No. 01-3079

---

Plaintiff Laura Susan Reynolds, for her Complaint against the Defendants, states and alleges as follows:

## **GENERAL ALLEGATIONS**

1. This is an action brought by the Plaintiff as the Debtor in the above-captioned bankruptcy proceeding to determine whether the debts owing to the Defendants by the Plaintiff in the above-captioned bankruptcy proceeding are, under the provisions of 11 U.S.C. § 523(a)(8), excepted from the discharge available under 11 U.S.C. § 727.

2. The Debtor is subject to the jurisdiction of this Court pursuant to her filing of the above-captioned Chapter 7 case.

3. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(a) and 28 U.S.C. § 157(a). This is a core proceeding.

4. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The Debtor filed a voluntary Chapter 7 case on June 20, 2000.

6. The Court granted the Debtor's discharge pursuant to 11 U.S.C. § 727 on September 19, 2000.

7. The Debtor attended Claremont McKenna College ("CMC") from September 1988 to May 1992. The Debtor received a B.A. in Philosophy from CMC in May 1992.

8. The Debtor attended the University of Michigan Law School from September 1992 to May 1995. The Debtor received a J.D. from the University of Michigan Law School in May 1995.

9. The Debtor has received communications from defendant CMC indicating that the Debtor is indebted to CMC in the total principal amount of $5,402.42, plus accrued and unpaid interest and any and all costs of collection on account of student loans taken out in the Debtor's name on or

2

about September 1991 while the Debtor attended CMC (the "Claremont Loan") under account no. 51779-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-0. The Debtor's father cosigned the Claremont Loan.

10. The Debtor has received communications from defendant Sallie Mae Servicing Corporation ("Sallie Mae") indicating that the Debtor is indebted to Sallie Mae in the total principal amount of $13,855.03, plus accrued and unpaid interest and any and all costs of collection on account of student loans incurred while the Debtor attended the University of Michigan Law School under account nos. 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-1 (such loans were incurred on August 26, 1992 and October 20, 1993) and 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-2 (such loans were incurred on August 25, 1992 and December 28, 1993) (the "Sallie Mae Loans").

11. The Debtor has received communications from defendant United States Department of Education ("DOE") indicating that the Debtor is indebted to the DOE in the total principal amount of $24,081.17, plus accrued and unpaid interest and any and all costs of collection on account of student loans taken out in the Debtor's name while the Debtor attended the University of Michigan Law School under account no. 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-1 (the "USDOE Loan").

12. The Debtor has received communications from defendant University of Michigan (the "University of Michigan") indicating that the Debtor is indebted to the University of Michigan in the total principal amount of $2,953.54, plus accrued and unpaid interest and any and all costs of collection on account of student loans taken out in the Debtor's name on or about September 1994 under account no. 386-28-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 (the "University of Michigan Loan"). On August 26, 1999, the University of Michigan informed the Debtor that it had referred the Debtor's student loan account to defendant

3

Windham Professionals, a collection agency. The Debtor does not have sufficient information to determine whether the University of Michigan Loan was sold to defendant Windham Professionals.

13. The Debtor has received communications from defendant Pennsylvania Higher Education Assistance Agency ("PHEAA") indicating that the Debtor is indebted to PHEAA in the total principal amount of $32,219.40, plus accrued and unpaid interest and any and all costs of collection on account of student loans taken out while the Debtor attended the University of Michigan Law School under account no. 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 (the "PHEAA Loans"). The Debtor does not have sufficient information to determine whether PHEAA is a guarantor of one of the student loans referenced in the paragraphs above or whether PHEAA was the originator of a separate student loan. Defendant NCO Financial Systems Inc. has informed the Debtor that it is attempting to collect the debt allegedly owing to PHEAA. The Debtor does not have sufficient information to determine whether the PHEAA Loans were sold to defendant NCO Financial Systems Inc.

14. The Debtor has received communications from defendant The Education Resources Institute ("TERI") indicating that the Debtor is indebted to TERI in the amounts of $24,410, $13,920 and $11,584 under account no. 0000000524902935-001 (the "TERI Loans"). The Debtor believes that TERI is a guarantor of one or more of the student loans referenced in the paragraphs above. Defendants Van Ru Credit Corporation and Risk Management Alternatives, Inc. have informed the Debtor that each is attempting to collect the debt allegedly owing to TERI. The Debtor does not have sufficient information to determine whether the TERI Loans were sold to either defendant Van Ru Credit Corporation or defendant Risk Management Alternatives, Inc.

4

15. The Debtor has received communications from defendant HEMAR Insurance Corporation of America ("HEMAR") indicating that the Debtor is indebted to HEMAR in the total principal amount of $7,645.90, plus accrued and unpaid interest and any and all costs of collection on account of student loans taken out while the Debtor attended the University of Michigan Law School under account nos. 71B06455 and 72B06455 for (the "HEMAR Loans," and together with the Claremont Loan, the Sallie Mae Loans, the USDOE Loan, the University of Michigan Loan, the PHEAA Loans, the TERI Loans and the HEMAR Loans, the "Outstanding Student Loans"). The Debtor does not have sufficient information to determine whether HEMAR is a guarantor of one of the student loans referenced in the paragraphs above or whether HEMAR was the originator of a separate student loan.

16. Defendants Student Loan Servicing Center and Educational Credit Management Corporation have informed the Debtor that each is attempting to collect debts allegedly owing on account of unidentified student loans. The Debtor does not have sufficient information to determine the origin or owner of these unidentified student loans.

17. The Debtor has attempted to reduce her educational indebtedness by making payment on the Outstanding Student Loans.

18. On account of the Outstanding Student Loans, the Debtor owes approximately $120,000. Assuming an interest rate of 8% per annum, such amount would take the Debtor 50 years to retire the full balance due, assuming that the Debtor could pay $815.13 per month. At that rate, she would have paid $489,078. The Debtor currently receives $1820.71 per month in gross income, of which approximately $1684.00 per month is used to pay household expenses, as set forth more fully in

5

the Debtor's schedules and statement of financial affairs filed in connection with the above-captioned bankruptcy case.

## EXCEPTING THE DEBTOR'S STUDENT LOAN DEBT FROM DISCHARGE WOULD IMPOSE AN UNDUE HARDSHIP ON THE DEBTOR

19. The Debtor realleges paragraphs 1 through 18.

20. The Debtor has been diagnosed with, and suffers from, chronic clinical depression. The Debtor experienced her first major depressive episode in 1983, at age 13. Between 1983 and 1993, the Debtor suffered recurrent depressive episodes for which she did not seek formalized treatment. In 1991, she suffered from agoraphobia ( the inability to leave one's house), and saw a psychiatrist for treatment.

21. In 1993, Debtor suffered a major depressive episode that has not relented in the successive eight years. This depression was brought about by a variety of factors that coincided with and included the Debtor's first year of law school. Although the Debtor contemplated withdrawal from law school, she was told numerous times by school counselors that she needed to finish law school and practice law in order to pay back her debt. At that time, Debtor entertained suicidal thoughts and engaged in reckless behavior that may have fulfilled her desire to be killed "accidently."

22. Following law school, Debtor moved back to her parent's home. Her parents recognized that she urgently needed treatment. Thus, Debtor returned to the psychiatrist who had treated her agoraphobia.

6

23. The Debtor was first administered the anti-depressant medication, Zoloft, in July 1995. In 1997, while residing in Boston, the Debtor received treatment from a nurse practitioner, and was prescribed Zyprexa, an anti-psychotic medication, in addition to Zoloft.

24. Between November 1998 and March 1998, the Debtor regularly visited a medication manager at the University of Minnesota. During this time, the Debtor continued her use of Zyprexa and, in addition, was prescribed Effexor, an anti-depressant medication, in lieu of Zoloft.

25. Between March 1998 and August 1998, the Debtor commenced medication management and received treatment from a psychiatric social worker at the Ramsey County Mental Health Center.

26. The Debtor commenced treatment with her current psychologist in early 1999. In conjunction with her weekly therapy visits, the Debtor continues to take Effexor in combination with Risperdal, an anti-psychotic medication. The Debtor's treatment is also overseen by a nurse practitioner and psychiatrist employed at the Ramsey County Mental Health Center, and with whom the Debtor visits every two and six months, respectively.

27. Since the Debtor's graduation from the University of Michigan Law School in May 1995, the Debtor has held the following jobs and earned the following amounts in connection therewith:

- October 1995 - March 1996 - Self-employed as attorney. Earned $300.00 total over the entire six month period.

- March 1996 - June 1997 - Temporary worker performing administrative assistance duties for two separate temporary agencies in Boston, MA. At Preferred Temporaries,

7

she earned $11.00 per hour, and at John Leonard Personnel, she earned $11.00 - $12.00 per hour.

- June 1997 - July 1997 - Sales Assistant at Holiday Inn Select, Government Center, Boston, Massachusetts, earning $12.00 per hour.

- August 1997 - October 1999 - Temporary worker for Acustaff earning $12.00 per hour.

- August 1999 - Summer temporary legal secretary at Dorsey & Whitney LLP earning $15.00 per hour.

- October 1999 - Present - Administrative assistant in Communications Department of St. Paul Foundation earning $30,305.00 per year.

28.     The Debtor has been unable to practice law as a career. During the summer between her first and second years in law school, Debtor worked at Hellman & Knight, a three-person firm in Colorado. During the next summer, she was employed by the Hennepin County Public Defender. After law school, she worked as a self-employed attorney for six months, earning $300.00 the entire time. Beginning in her third year of law school, the Debtor mailed at least 400 inquiry letters regarding legal positions in Colorado, Massachusetts and Minnesota. She also contacted alumni from her law school and various public defenders' offices. These efforts garnered Debtor a total of three interviews, the last being in 1996. Debtor was offered one second interview, which was subsequently cancelled by the employer. Debtor never received an offer of employment as an attorney.

29.     The Debtor does not function at a sufficient level to hold down a high stress, well-paying job such as practicing law. At best, and through continued therapy and medication

management, the Debtor will be able to maintain her present employment and otherwise function at a moderate level. The Debtor's chronic clinical depression has compromised her ability to retain employment in a well-paying field, and would prevent her from keeping a position were she able to retain one.

30. The Debtor has lived at a subsistence level over the last five years since the Debtor graduated from law school. The Debtor rents her living space, has little furniture, no luxury items and no accumulated possessions or capital. The Debtor is married and lives with her husband, who is currently employed as a school bus driver and earns $14.00/hour.

WHEREFORE, the Debtor requests that the Court:

1. Determine that the payment of the Debtor's student loan debt would impose an undue hardship on the Debtor pursuant to 11 U.S.C. § 523(a)(8);

2. Determine that the Debtor's student loan debt is dischargeable in the above-captioned bankruptcy proceeding;

3. Grant such other and further relief as is just and equitable.

DATED: May 7, 2001

DORSEY & WHITNEY LLP

By: _____
Jonathan Strauss, Esq. (MN Bar #279602)
Monica L. Clark, Esq. (MN Bar # 28211X)
Chris Lenhart, Esq. (MN Bar # 298396)
Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402

Attorneys for Laura Susan Reynolds

# DORSEY & WHITNEY LLP

| | | |
|---|---|---|
| MINNEAPOLIS<br>NEW YORK<br>SEATTLE<br>DENVER<br>WASHINGTON, D.C.<br>NORTHERN VIRGINIA<br>DES MOINES<br>LONDON<br>ANCHORAGE<br>SALT LAKE CITY | PILLSBURY CENTER SOUTH<br>220 SOUTH SIXTH STREET<br>MINNEAPOLIS, MINNESOTA 55402-1498<br>TELEPHONE: (612) 340-2600<br>FAX: (612) 340-2868<br>www.dorseylaw.com<br><br>**MONICA L. CLARK**<br>**(612) 340-5647**<br>**FAX (612) 340-2643**<br>**clark.monica@dorseylaw.com** | BRUSSELS<br>COSTA MESA<br>BILLINGS<br>FARGO<br>HONG KONG<br>GREAT FALLS<br>ROCHESTER<br>TOKYO<br>MISSOULA<br>VANCOUVER<br>SHANGHAI |

May 7, 2001

**VIA MESSENGER**
Clerk of Court
United States Bankruptcy Court
200 U.S. Courthouse
316 North Robert Street
St. Paul, MN 55101

    Re:    Laura Susan Reynolds
            BKY Case No.: 00-32707-GFK

Dear Clerk:

    Enclosed for filing, please find the Complaint in the above-entitled action, together with a check in the amount of $150.00 for the filing fee. We ask that the Court issue a Summons and entrust it to the messenger delivering the referenced Complaint.

                                    Very truly yours,

                                    Monica L. Clark

MLC/mmf
Enclosures

cc:    Laura S. Reynolds (w/encls.)
       Chris Lenhart (w/encls.)
       Jonathan A. Strauss (w/encls.)

# UNITED STATES BANKRUPTCY COURT — DISTRICT OF MINNESOTA
## LOCAL ADVERSARY PROCEEDING COVER SHEET

| ADVERSARY PROCEEDING NUMBER (COURT USE ONLY) ||
|---|---|
| **PLAINTIFFS (Name and address)**<br><br>Laura Susan Reynolds<br>1930 Burns Avenue, #320<br>St. Paul, MN 55119 | **DEFENDANTS (Name and address)**<br><br>See Attached Defendants List |
| **ATTORNEYS (Name, firm name, address, telephone)**<br><br>Jonathan A. Strauss<br>Monica L. Clark<br>Chris Lenhart<br>Dorsey & Whitney LLP<br>Pillsbury Center South<br>220 South Sixth Street<br>Minneapolis, MN 55402-1498<br>(612) 340-2600 | **ATTORNEYS (Name, firm name, address, telephone)**<br><br>Unknown |

**PARTY** (Check one box only)  ☐ 1 U.S. PLAINTIFF   ☒ 2 U.S. DEFENDANT   ☐ 3 U.S. NOT A PARTY

### NATURE OF SUIT (Check ALL appropriate boxes.)

☒ 426 Complaint to determine dischargeability of <u>one</u> debt under § 523.
☐ 459 Notice Of Removal to remove this action to the Bankruptcy Court under § 1452.
☐ 424 Complaint to deny or revoke a discharge of <u>all</u> debts of the debtor under § 727.

☐ 454 Recover Money or Property
☐ 458 Sale of co-owner's interest
☐ 435 Determine Validity, Priority, or Extent of a Lien
☐ 455 Revoke confirmation of a Plan
☐ 434 Obtain an injunction
☒ 456 Declaratory judgment
☐ 457 Subordinate allowed claim
☐ 498 Other (specify)

**CAUSE OF ACTION** (IF UNCERTAIN ABOUT WHICH BOX TO CHECK, BRIEFLY STATE THE CAUSE OF ACTION AND THE STATUTE INVOLVED.)

| ORIGIN OF PROCEEDINGS | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 3 Reinstated or Reopened | ☐ 4 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION |
|---|---|---|---|---|---|
| **DEMAND** $ || OTHER RELIEF SOUGHT: Determination that Debtor's student loan debt is dischargeable ||| ☐ JURY DEMAND |

**BANKRUPTCY CASE NUMBER** 00-32707-GFK   **DEBTOR** Laura Susan Reynolds
**DISTRICT AND DIVISION IN WHICH CASE IS PENDING** District of Minnesota   **NAME OF JUDGE** G. Kishel

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NUMBER |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only)  ☒ FEE ATTACHED   ☐ FEE NOT REQUIRED   ☐ FEE DEFERRED

| DATE<br>May 7, 2001 | PRINT NAME<br>Monica L. Clark | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>ML Clark, Esq. |
|---|---|---|

DEFENDANTS' LIST

Pennsylvania Higher Education Assistance Agency
United States Department of Education
Claremont McKenna College
Sallie Mae Servicing Corp.
Risk Management Alternatives, Inc.
The University of Michigan
Great Lakes Higher Education Corp.
HEMAR Insurance Corp. of America
OSI Collection Services, Inc.
NCO Financial Systems Inc.
Windham Professionals
Van Ru Credit Corp.
Student Loan Servicing Center
National Enterprise Systems
Educational Credit Management Corporation
EduServ Technologies, Inc.
The Education Resource Institute

PHEAA
1200 North Seventh Street
Harrisburg, Pennsylvania 17102-1444
Attn: Legal Department

U.S. Department of Education
Direct Loan Servicing Center
Borrower Services Department
P.O. Box 4609
Utica, New York 13504-4609
Attn: Legal Department

Claremont McKenna College
Frederick M. Weis
500 East Ninth Street
Claremont, California 91711

Sallie Mae, Inc.
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Risk Management Alternatives, Inc.
CT Corporation Process Co.
180 Cherokee Street, N.E.
Marietta, Georgia 30060

University Accounting Service, Inc.
University of Michigan
Student Loan Collections and Records
3003 South State Street
6061 Wolverine Tower
Ann Arbor, MI 48109-1287

Great Lakes Higher Education Corporation
C/O Paul J. Thornburgh
2401 International Lane
Madison, WI 53704

HEMAR Insurance Corporation of America
C/O CT Corporation System
319 South Coteau Street
Pierre, SD 57501

OSI Collection Services, Inc.
CT Corporation System
120 South Central Avenue
Clayton, MO 63105

NCO Financial Systems Inc.
515 Pennsylvania Avenue
P.O. Box 7602
Fort Washington, Pennsylvania 19034
Attn: Legal Department

Windham Professionals, Inc.
Edward M. Sheehan III
380 Main Street
P.O. Box 2330
Salem, New Hampshire 03079

Van Ru Credit Corporation
C/O Albert G. Rubin
10024 Skokie Boulevard
Skokie, IL 60077-1025

Student Loan Servicing Center
P.O. Box 1737
Youngstown, Ohio 44501-1737
Attn: Legal Department

National Enterprise Systems
5311 Northfield Road, Suite 302
Bedford Hts, OH 44146-1135

Educational Credit
Management Corporation
101 East Fifth Street, # 2400
St. Paul, Minnesota 55101
Attn: Richard J. Boyle

EduServ Technologies, Inc.
CT Corp System, Inc.
405 Second Avenue South
Minneapolis, MN 55401

The Education Resources Institute
C/O Diane Dickerson
330 Stuart Street, Suite 500
Boston, MA 02116

# DORSEY & WHITNEY LLP

PILLSBURY CENTER SOUTH
220 SOUTH SIXTH STREET
MINNEAPOLIS, MINNESOTA 55402

FACSIMILE COVER SHEET
(612) 340-2643

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS LEGALLY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED SOLELY FOR THE USE OF THE PERSONS OR ENTITIES NAMED BELOW. IF YOU ARE NOT SUCH PERSONS OR ENTITIES, DO NOT READ THE MESSAGE BELOW. ANY DISTRIBUTION, DISSEMINATION OR REPRODUCTION OF THIS FACSIMILE MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE IMMEDIATELY CALL US COLLECT AT (612) 340-2872.

Date: May 7, 2001     Time:

Total Number of Pages (including this cover sheet): 3

TO:     Anita                              FAX #651-848-1098

FROM:   Monica L. Clark

TELEPHONE NUMBER:   (612) 340-5647

COMMENTS:



PLEASE CONTACT FACSIMILE OPERATOR Chris AT
(612) 343- 8280 IF TRANSMISSION IS INCOMPLETE OR CANNOT BE READ.
Reference # 3443/129630/9221