## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

LAURA SUSAN REYNOLDS,

Bky. Case No. 00-32707-GFK
Chapter 7

**STIPULATION OF FACT
FOR TRIAL**

LAURA SUSAN REYNOLDS,

    Plaintiff,

Adversary Proceeding
No. 01-3079

  vs.

PENNSYLVANIA HIGHER EDUCATION
ASSISTANCE AGENCY ET AL.,

    Defendants.

    This Stipulation of Fact for Trial is entered into by and among Plaintiff Laura Susan

Reynolds, and Defendants The Education Resource Institute ("TERI"), Pennsylvania Higher

Education Assistance Agency ("PHEAA"), HEMAR Insurance Corporation of America

("HICA"), The United States Department of Education ("Dept. of Education"), and Educational

Credit Management Corporation ("ECMC").

    In accordance with the Court's scheduling order and principles of judicial efficiency, the

parties stipulate and agree that the following facts are true, and that no party is required to

separately prove these facts at trial.



Filed on 3/18/02
Patrick G. De Wane, Clerk
Deputy Clerk

## BACKGROUND INFORMATION FOR PLAINTIFF LAURA REYNOLDS

1.     In 1992, Ms. Reynolds obtained a B.A. degree *cum laude* from Claremont McKenna College in L.A. County, California.

2.     In 1995, Ms. Reynolds obtained a Juris Doctorate from the University of Michigan Law School.

3.     In the fall of 1995, Ms. Reynolds was accepted for admission to the bar in the State of Colorado.

4.     Ms. Reynolds remains a member of the Colorado Bar on inactive status.

5.     Ms. Reynolds passed the Colorado Bar Exam on her first attempt.

6.     Ms. Reynolds has been employed in a variety of administrative/secretarial positions since she completed law school.

7.     Ms. Reynolds is currently employed as a Word Processor/Receptionist at Roof Spec, Inc. and earns $30,000 per year.

8.     Ms. Reynolds has no dependents; however, her husband has three children—Ms. Reynolds' step-children—for whom he pays child support on a monthly basis.

## PLAINTIFF'S STUDENT LOAN OBLIGATIONS TO PHEAA

9.     <u>First PHEAA Note</u>:  On or about July 4, 1992, Ms. Reynolds executed a promissory note payable to the order of Ameritrust Company National Association ("Ameritrust") in the principal amount of $7,500.00 (the "First PHEAA Note").  A true and correct copy of the First PHEAA Note is attached hereto and marked as Trial Exhibit A. Ameritrust advanced $7,500.00 to Ms. Reynolds or on her behalf pursuant to the First PHEAA Note.  The First PHEAA Note was assigned to PHEAA on or about March 23, 1999.  Ms.

Reynolds has defaulted on the First PHEAA Note. As of January 30, 2002, the principal amount of the First PHEAA Note was $8,835.27 and the amount of interest owing was $2,156.95. Interest continues to accrue at the Note rate, which is 6.79%, at the rate of $1.64 per day.

10.   Second PHEAA Note: On or about August 18, 1993, Ms. Reynolds executed a promissory note payable to the order of Society National Bank in the principal amount of $7,500.00 (the "Second PHEAA Note"). A true and correct copy of the Second PHEAA Note is attached hereto and marked as Trial Exhibit B. Society National Bank advanced $7,500 to Ms. Reynolds or on her behalf pursuant to the Second PHEAA Note. The Second PHEAA Note was assigned to PHEAA on or about March 23, 1999. Ms. Reynolds has defaulted on the Second PHEAA Note. As of January 30, 2002, the principal amount of the Second PHEAA Note was $8,835.27, and the amount of interest owing was $2,156.95. Interest continues to accrue at the Note rate, which is 6.79%, at the rate of $1.64 per day.

11.   Third PHEAA Note: On or about August 18, 1993, Ms. Reynolds executed a promissory note payable to the order of Society National Bank in the principal amount of $10,000.00 (the "Third PHEAA Note"). A true and correct copy of the Third PHEAA Note is attached hereto and marked as Trial Exhibit C. Society National Bank advanced $10,000.00 to Ms. Reynolds or on her behalf pursuant to the Third PHEAA Note. The Third PHEAA Note was assigned to PHEAA on or about March 17, 1999. As of January 30, 2002, the principal amount of the Third PHEAA Note was $14,540.37, and the amount of interest owing was $3,852.06. Interest continues to accrue at the Note rate, which is 6.56%, at the rate of $2.61 per day.

## PLAINTIFF'S STUDENT LOAN OBLIGATIONS TO TERI

12.    First TERI Note:  On or about August 7, 1992, Ms. Reynolds executed a promissory note payable to the order of Ameritrust Company National Association ("Ameritrust") in the principal amount of $15,000.00 (the "First TERI Note").  A true and correct copy of the First TERI Note is attached hereto and marked as Trial Exhibit D. Ameritrust advanced $15,000.00 to Ms. Reynolds or on her behalf pursuant to the First TERI Note.  The First TERI Note was assigned to TERI on or about August 25, 1998.  Ms. Reynolds has defaulted on the First TERI Note.  As of January 24, 2002, the principal amount of the First TERI Note was $21,633.00 and the amount of interest owing was $4,222.11.  Interest continues to accrue at the Note rate, which is 4.99%, at the rate of $2.96 per day.

13.    Second TERI Note:  On or about August 18, 1993, Ms. Reynolds executed a promissory note payable to the order of Society National Bank in the principal amount of $9,000.00 (the "Second TERI Note").  A true and correct copy of the Second TERI Note is attached hereto and marked as Trial Exhibit E.  Society National Bank advanced $9,000.00 to Ms. Reynolds or on her behalf pursuant to the Second TERI Note.  The Second TERI Note was assigned to TERI on or about August 25, 1998.  Ms. Reynolds has defaulted on the Second TERI Note.  As of January 24, 2002, the principal amount of the Second TERI Note was $12,338.50, and the amount of interest owing was $2,690.82.  Interest continues to accrue at the Note rate, which is 4.99%, at the rate of $1.69 per day.

14.    Third TERI Note:  On or about September 9, 1994, Ms. Reynolds executed a promissory note payable to the order of Society National Bank in the principal amount of $13,150.00 (the "Third TERI Note").  A true and correct copy of the Third TERI Note is attached hereto and marked as Trial Exhibit F.  Society National Bank advanced $7,960.00 to Ms.

4

Reynolds or on her behalf pursuant to the Third TERI Note. The Third TERI Note was assigned to TERI on or about August 25, 1998. As of January 24, 2002, the principal amount of the Third TERI Note was $10,268.42, and the amount of interest owing was $2,239.39. Interest continues to accrue at the Note rate, which is 4.99%, at the rate of $1.40 per day.

## PLAINTIFF'S STUDENT LOAN OBLIGATIONS TO HICA

15.    First HICA Note:    On or about July 28, 1992, Ms. Reynolds executed a promissory note payable to the order of Norwest Bank South Dakota, N.A. ("Norwest Bank") in the principal amount of $2,140.00 (the "First HICA Note"). A true and correct copy of the First HICA Note is attached hereto and marked as Trial Exhibit G. Norwest Bank advanced $1,070.00 to Ms. Reynolds or on her behalf pursuant to the First HICA Note. The First HICA Note was assigned to HICA on or about October 19, 1998. Ms. Reynolds has defaulted on the First HICA Note. As of January 25, 2002, the principal amount of the First HICA Note was $2,953.48 and the amount of interest owing was $963.61. Interest continues to accrue at the Note rate, which is 5.5%, at the rate of $0.45 per day.

16.    Second HICA Note:    On or about October 20, 1993, Ms. Reynolds executed a promissory note payable to the order of Norwest Bank in the principal amount of $3,400.00 (the "Second HICA Note"). A true and correct copy of the Second HICA Note is attached hereto and marked as Trial Exhibit H. Norwest Bank advanced $3,400.00 to Ms. Reynolds or on her behalf pursuant to the Second HICA Note. The Second HICA Note was assigned to HICA on or about October 19, 1998. Ms. Reynolds has defaulted on the Second HICA Note. As of January 25, 2002, the principal amount of the Second HICA Note was $4,692.42, and the amount of interest owing was $1531.45. Interest continues to accrue at the Note rate, which is 5.5%, at the rate of $0.71 per day.

## PLAINTIFF'S STUDENT LOAN OBLIGATIONS TO THE
## DEPARTMENT OF EDUCATION

17.     <u>William D. Ford Direct Loan Note</u>:   On or about September 20, 1994, Ms. Reynolds executed a promissory note and disclosure statement payable to the Dept. of Education, William D. Ford Direct Loan Program in the principal amount of $18,500.00.   A true and correct copy of the William D. Ford Direct Loan note is attached hereto and marked as Trial Exhibit I.   The Dept. of Education advanced $18,500.00 to Ms. Reynolds or on her behalf pursuant to the note.   The note was transferred to the Dept. of Education's Debt Collection Services, San Francisco on or about March 7, 2000.   As of February 19, 2002, the principal amount of the note was $24,081.17 and the amount of interest owing was $5,716.45.   Interest continues to accrue at the variable Note rate, which is now 6.79%, at the rate of $4.48 per day.

## PLAINTIFF'S STUDENT LOAN OBLIGATIONS TO ECMC

18.     <u>First ECMC Note:</u>   On or about July 28, 1992, Ms. Reynolds executed a promissory note payable to the order of Norwest Bank South Dakota, N.A., in the principal amount of $4,000.00 (the "First ECMC Note").   A true and correct copy of the First ECMC note is attached hereto and marked as Trial Exhibit J.   Norwest Bank South Dakota, N.A. advanced $4,000.00 to Ms. Reynolds or on her behalf pursuant to the First ECMC Note.   The First ECMC Note was assigned to Great Lakes Higher Education Corp. (GLHEC) on or about February 9, 1999.   On or about July 12, 2000, GLHEC assigned all right, title and interest in the First ECMC Note to ECMC.   Ms. Reynolds has defaulted on the First ECMC Note.   As of February 19, 2002, the principal amount of the First ECMC Note was $5,691.33, and the amount of interest owing was $1,362.71.   Interest continues to accrue at a variable rate, which is currently at 6.71%, at the rate of $1.05 per day.

19.    <u>Second ECMC Note</u>: On or about October 10, 1993, Ms. Reynolds executed a promissory note payable to the order of Norwest Bank South Dakota, N.A., in the principal amount of $1,000.00 (the "Second ECMC Note"). A true and correct copy of the Second ECMC note is attached hereto and marked as Trial Exhibit K. Norwest Bank South Dakota, N.A. advanced $1,000.00 to Ms. Reynolds or on her behalf pursuant to the Second ECMC Note. The Second ECMC Note was assigned to Great Lakes Higher Education Corp. (GLHEC) on or about February 9, 1999. On or about July 12, 2000, GLHEC assigned all right, title and interest in the Second ECMC Note to ECMC. Ms. Reynolds has defaulted on the Second ECMC Note. As of February 19, 2002, the principal amount of the Second ECMC Note was $1,053.16, and the amount of interest owing was $229.66. Interest continues to accrue at a variable rate, which is currently at 6.79%, at the rate of $.20 per day.

## TOTAL LOAN OBLIGATIONS

20.    Ms. Reynolds' total outstanding student loan indebtedness is in an amount exceeding $142,044.55.

21.    Were Ms. Reynolds to repay her debt to TERI over a term of 10 years at the current interest rate, her monthly payment amount would be $605. Were Ms. Reynolds to repay the debt over a term of 20 years at the current interest rate, her monthly payment amount would be $338.

22.    Were Ms. Reynolds to repay her debt to HICA over a term of 10 years at the current interest rate, her monthly payment amount would be $110.51. Were Ms. Reynolds to repay the debt over a term of 20 years at the current interest rate, her monthly payment amount would be $70.06.

23.    Were Ms. Reynolds to repay her debt to PHEAA over a term of 10 years at the current interest rate, her monthly payment amount would be $463.09. Were Ms. Reynolds to

7

repay the debt over a term of 20 years at the current interest rate, her monthly payment amount would be $307.03.

24.    Were Ms. Reynolds to repay her debt to the Dept. of Education over a term of 10 years at the current interest rate, her monthly payment amount would be $343.43. Were Ms. Reynolds to repay the debt over a term of 20 years at the current interest rate, her monthly payment amount would be $227.72. Were Ms. Reynolds to repay the debt over a term of 20 years with a graduated repayment schedule, at the current interest rate, such payment amounts would range from $171.72 to $340.53.

25.    Were Ms. Reynolds to repay her debt to ECMC over a term of 10 years, at the current interest rate, her monthly payment amount would be $119.02. Were Ms. Reynolds to repay the debt over a term of 20 years at the current interest rate, her monthly payment amount would be $78.74.

26.    If the PHEAA, ECMC and the Dept. of Education loans were consolidated through the William D. Ford Direct Loan Program, they could be paid under a Standard, Extended, Graduated or Income Contingent Repayment Plan. Assuming a consolidated loan balance of $87,523.39, an interest rate of 6.75%, an adjusted gross income of $51,924.79 and a family size of 3, the initial monthly payments under each of the repayment plans would be: Standard - $1,004.98 (10-year repayment term); Extended - $567.68 (30-year repayment term); Graduated - $502.49 (30-year repayment term); or, Income Contingent - $621.58 (repayment term is 25 years or when the loans are paid in full, whichever comes first).

Dated: _March 19_____, 2002

DORSEY & WHITNEY LLP

By _____
    Jonathan Strauss, Esq. (#279602)
    Monica Clark, Esq. (#28211X)
    Chris Lenhart, Esq. (#298396)
Pillsbury Center South
220 South Sixth Street
Minneapolis, Minnesota 55402
(612) 340-2600

ATTORNEYS FOR LAURA SUSAN REYNOLDS

Dated: **March 14**_____, 2002

By _____
    Curtis P. Zaun (#266310)
101 East Fifth Street
Suite 2400
Saint Paul, Minnesota 55101
(651) 291-3308

ATTORNEY FOR EDUCATIONAL CREDIT MANAGEMENT CORPORATION

Dated: _March 14_____, 2002

BRIGGS AND MORGAN, P.A.

By _____
    PhIlip R. Schenkenberg (#260551)
    Christian S. Walker (#030606X)
2200 First National Bank Building
Saint Paul, Minnesota 55101
(651) 223-6600

ATTORNEYS FOR THE EDUCATION RESOURCE INSTITUTE, PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY AND HEMAR INSURANCE CORPORATION OF AMERICA

Dated: _March 14_____, 2002

THOMAS B. HEFFELFINGER
United States Attorney

By _Roylene A Champeaux_____

　　Roylene A. Champeaux (#154805)
Assistant U.S. Attorney
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, Minnesota  55415
(612) 664-5685

ATTORNEYS FOR THE UNITED STATES
DEPARTMENT OF EDUCATION

# DORSEY & WHITNEY LLP

MINNEAPOLIS
NEW YORK
SEATTLE
DENVER
WASHINGTON, D.C.
NORTHERN VIRGINIA
DES MOINES
LONDON
ANCHORAGE
SALT LAKE CITY
BRUSSELS

SUITE 1500
50 SOUTH SIXTH STREET
MINNEAPOLIS, MINNESOTA 55402-1498
TELEPHONE: (612) 340-2600
FAX: (612) 340-2868
www.dorseylaw.com

**JONATHAN A. STRAUSS**
**(612) 343-7935**
**FAX (612) 340-2807**
**strauss.jonathan@dorseylaw.com**

COSTA MESA
BILLINGS
FARGO
HONG KONG
GREAT FALLS
ROCHESTER
TOKYO
MISSOULA
VANCOUVER
TORONTO
SHANGHAI

March 18, 2002

United States Bankruptcy Court
Clerk of Court
U.S. District Courthouse
300 South Fourth St.- Room 301
Minneapolis, MN 55415

    Re:    **Laura Reynolds v. PHEAA, et al.**
               **Adversary Case No.: 01-3079**
               **Bankruptcy Case No.: 00-32707**

Dear Clerk of Court:

    Enclosed for filing in the above-entitled matter, please find the Stipulation of Fact for Trial.

                    Sincerely,

                    Jonathan A. Strauss

JAS:djd
Enclosure
cc:    The Honorable Gregory F. Kishel
        Laura Reynolds
        Roylene A. Champeaux, Esq.
        Philip R. Schenkenberg, Esq.
        Curtis P. Zaun, Esq.